ORFINGER, J.
In four separate criminal cases,[1] Paul W. Dilliard was charged with burglary of a dwelling, grand theft, and three counts of failure to register as a career offender. Pursuant to a written plea agreement with the State, the burglary charge was dismissed, and Dilliard entered guilty pleas to the remaining four felony charges. Following a sentencing hearing, Dilliard received state prison terms for each of the four felonies. However, the judgment also included time-served sentences for four misdemeanor failures to appear. On appeal, Dilliard complains that he was sentenced on misdemeanor charges that were not brought against him and to which he entered no pleas. We agree.
Nowhere in the record before this Court is there any information charging Dilliard with failure to appear, nor any order to show cause alleging indirect criminal contempt under Florida Rule of Criminal Procedure 3.840. Neither the written plea agreement, the plea colloquy with the trial judge, nor the sentencing scoresheet mention any misdemeanor failures to appear. Notwithstanding the lack of any record to support the misdemeanor judgments and sentences, the State asserts that Dilliard waived his right to appeal by failing to file a motion to withdraw his pleas. The fallacy of the State’s argument is that it presupposes that Dilliard entered pleas to the misdemeanors. However, the State does not explain how Dilliard could withdraw pleas that he never made and to charges that were never asserted. The State should have conceded error.
We affirm the judgments and sentences entered against Dilliard on the felonies, but remand this matter to the trial court with directions to set aside and strike the judgments and sentences for the misdemeanors. If the State wishes to pursue such charges, it is free to do so in the proper forum.
AFFIRMED in part; REVERSED in part; and REMANDED.
LAWSON and WALLIS, JJ., concur.

. Brevard County Circuit Court Case Nos. 05-2012-CF-034616; 05-2012-CF-036048; 05-2013-CF-062912; 05-2014-CF-019252.